(Reap. Dec. 8163)

J. B. ROERIG AND COMPANY *v.* UNITED STATES

Entry Nos. 4656; 2768; 3072; 3486; 4357.

(Decided September 15, 1952)

*Martin, Hastings, Snyder & Rockwell (George W. K. Snyder* and *John H. Rockwell* of counsel) and *John C. Ray* for the plaintiff.

*Charles J. Wagner,* Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement arises from the decision in *J. B. Roerig and Company* v. *United States*, 26 Cust. Ct. 131, C. D. 1313, which held the original appraisement of the so-called darthronol and heptuna capsules in question to be null and void.

In the cited case, the collector had classified the said merchandise as coal-tar products under paragraph 28 of the Tariff Act of 1930, which carries a provision for appraisement on the basis of American selling price of a similar competitive article manufactured in the United States. That classification was overruled in the *Roerig and Company* case, *supra*, and the products were held to be classifiable as drugs in capsule form, under paragraph 23 of the Tariff Act of 1930, which paragraph, unlike said paragraph 28, contains no provision for appraisement on the basis of American selling price.

The conclusion rendered null and void the original appraisement made on the basis of American selling price, section 402 (g) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, and, since that statutory valuation could not be adopted without a Presidential proclamation directing application thereof, the case was remanded for further reappraisement proceedings as provided in 28 U. S. C. § 2636 (d) which reads as follows:

(d) If upon the hearing of a protest, the court declares an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge who shall determine *the proper dutiable value of such merchandise* in the manner provided by this chapter. In such proceeding no presumption of correctness shall attach to the invoice or entered values. [Italics added.]

Pursuant thereto, the present case is before me on an agreed set of facts upon which I find export value, section 402 (d) of the Tariff Act of 1930, to be the proper basis for appraisement of the darthronol and heptuna capsules in question, and such statutory values are the invoice values.

In a proceeding of this character, the controlling statute, 28 U. S. C. § 2636 (d), *supra*, requires the court to "determine the proper dutiable value," which value, so far as the present case is concerned, "shall be the entered value or the final appraised value, whichever is higher." (Section 503 of the Tariff Act of 1930.)

Following that formula, I find, from an examination of the official papers, that plaintiff's entered values are lower than the invoice values. Accordingly, I hold the dutiable values of the products in question to be the invoice values which, as hereinabove stated, are the statutory export values.

Judgment will be rendered accordingly.