BEFORE THE FIRST DIVISION, NOVEMBER 10, 1953

**No. 57601.**—J. B. Roerig and Company *v.* United States, petition 6926–R (Detroit).

MOLLISON, Judge:   This is a petition filed under the provisions of section 489 of the Tariff Act of 1930 for remission of additional duties accruing by reason of undervaluation on entry of certain capsulated vitamins imported from Canada.

From the facts which appear on record, it appears that the undervaluation in connection with the entry of the merchandise involved was more technical than real.   The merchandise consisted of so-called darthronol and heptuna vitamin capsules which were originally entered at the invoice values as drugs in capsule form under the provisions of paragraph 23 of the Tariff Act of 1930.

It appears that the question of the proper classification of the merchandise was raised, it being indicated on the part of the customs officials that return would be made under the provision for coal-tar products in paragraph 28 of the said act, carrying with it mandatory appraisement on the basis of American selling price.   The importer, at the suggestion of the appraiser, thereupon amended the entered values to conform to the American selling price formula set forth in

section 402 (g) of the tariff act, as amended by the Customs Administrative Act of 1938, which, in these cases, resulted in entered values lower than the original entered values, and appraisement was made on that basis.

The merchandise was classified for duty purposes by the collector under the provision for coal-tar products in paragraph 28, *supra*. Protest against this action was duly filed, and, after assignment and trial, a decision in favor of the plaintiff's claim for classification under paragraph 23 was rendered (*J. B. Roerig and Company* v. *United States*, 26 Cust. Ct. 131, C. D. 1313). In the same action, it was also determined that the appraisement of the merchandise, based upon the American selling price formula, was void, and, under the provisions of 28 U. S. C. § 2636 (d), the case was referred for further proceedings to a single judge sitting in reappraisement.

In a decision reported in 29 Cust. Ct. 472, Reap. Dec. 8163 (also bearing the number V. D. 1), Chief Judge Oliver of this court, upon an agreed set of facts, determined that export value was the proper basis for the appraisement of the capsules in question and that such value in each case was the invoice value.

This resulted in a situation whereby the final appraised value exceeded the value declared in the amended entry, and, consequently, by the automatic operation of the provisions of section 489 of the Tariff Act of 1930, the additional duties here sought to be remitted accrued.

The statement of the foregoing facts, gleaned from the official entry papers and the testimonial record made on the trial of the issue, is sufficient, we think, to demonstrate that entry at less value than that found upon final appraisement was made without intent to defraud the revenue of the United States, to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise, and we so find.

Judgment will therefore issue granting the petition accordingly.